# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAEL RODRIGUEZ-PEREZ** | : | CV. No. 1:09-CV-1688 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conner ) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MR. CLARK,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

This is a *pro se* civil rights complaint brought pursuant by a federal prisoner, Rafael Rodriguez-Perez. The plaintiff's original complaint was filed on August 31, 2009, and the plaintiff has twice filed amended complaints in this case, most recently filing an amended complaint on December 31, 2009.

The gravamen of these complaints is identical. In each complaint the plaintiff alleges that the defendant violated his constitutional rights by assaulting him on April 5, 2007. Thus, in each instance, Rodriguez-Perez complains about prison misconduct which allegedly took place more than two years ago.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se*

complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. at 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint states a timely and viable cause of action.

Moreover, when conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915(e), a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, the Court places the plaintiff on notice that the allegations in the *pro se* complaint may be subject to dismissal on statute of limitations grounds. Specifically, this complaint, which alleges misconduct by government actors in April 2007, was first filed on August 31, 2009, more than two years after the events complained of by Rodriguez-Perez. Therefore, the complaint appears to be time-barred by the two year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims which are "cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), [are] subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (citing 42 Pa. Cons.Stat. Ann. § 5524); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir.1988)." Gordon v. Pugh, 235 F. App'x. 51, 53 (3d Cir. 2007); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S. § 5524. A cause of action accrues when the

plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). Because Rodriguez-Perez knew of his claimed injury at the time it was inflicted--when he was allegedly assaulted in April 2007--the continuing wrong theory and discovery doctrines, which extend the limitations period in some cases, do not apply. See Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000).

In this case a straightforward application of the two-year statute of limitations to this case may compel dismissal of this action as untimely. The injury about which the plaintiff complains is an April 2007 assault. To the extent that the plaintiff complains that this alleged assault violated his rights, he knew of this injury at the time it was inflicted, in the spring of 2007. Given the two-year limitations period that

7

applies to federal civil rights actions, the plaintiff's August 2009 federal complaint may now be time-barred and subject to dismissal.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since this *pro se* complaint may not contain sufficient factual recitals to state a claim within the period fo the statute of limitations, the plaintiff is placed on notice that these allegations may be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will, however, provide the plaintiff with an opportunity to address this potential deficiency in the *pro se* complaint, and avoid the possible sanction of dismissal of claims. Accordingly, **IT IS ORDERED** that:

1. The plaintiff is advised to file a brief explaining why this case should not be dismissed under the applicable statute of limitations on or before **January 25, 2010**. The defendant may file a brief relating to this issue on or before **February 1, 2010.**

2. The Clerk is directed to mail a copy of this Order to the Plaintiff.

*S/Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge

Dated: January 4, 2010