# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAEL RODRIGUEZ-PEREZ** | : | CV. No. 1:09-CV-1688 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Conner ) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MR. CLARK,** | : | |
| | : | |
| **Defendant.** | : | |

# REPORT AND RECOMMENDATION

I.  Statement of Facts and of The Case

This is a *pro se* civil rights complaint brought by a federal prisoner, Rafael Rodriguez-Perez. The plaintiff's original complaint was filed on August 31, 2009, (Doc. 1) and the plaintiff has twice filed amended complaints in this case, most recently filing an amended complaint on December 31, 2009. (Docs. 1, 9, 22.)

The gravamen of these complaints is identical. In each complaint the plaintiff alleges that the defendant violated his constitutional rights by assaulting him on April 5, 2007. (Id.) Thus, in each instance, Rodriguez-Perez complains about prison misconduct which allegedly took place more than two years ago.

Recognizing that the conduct alleged in all of the plaintiff's various complaints consistently fell outside the two-year statute of limitations generally applicable to civil rights actions of this type, on January 4, 2010, we filed a memorandum and order

which put the plaintiff on notice that his complaint might be fundamentally flawed and subject to dismissal. (Doc. 23.) We then gave Rodriguez-Perez a deadline of January 25, 2010, in which to cure or otherwise address the bar of the statute of limitations. (Id.)

To date, Rodriguez-Perez has not cured or addressed these deficiencies in his pleadings. Moreover orders and other communications sent to him through the mails have been returned as undeliverable.(Docs. 12, 21 and 27.)[1] Therefore, it appears that this matter is now ripe for a screening review on its merits.

Having conducted this review, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II. Discussion

### A. Dismissal of Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6)

---

[1] It appears that the address provided by Rodriguez-Perez when he first filed his complaint is no longer valid. Rodriguez-Perez has in the following months written to the Court using a variety of addresses, some of which appear to be correctional facilities, but his current whereabouts are not known to the Court.

of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the assertions in the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild,

3

O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this

5

analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint states a timely and viable cause of action.

### B. This *Pro Se* Complaint is Barred By the Statute of Limitations

Moreover, when conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915(e), a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, we find that the allegations in this *pro se* complaint are subject to dismissal on statute of limitations grounds. Specifically, this complaint, which alleges misconduct by government actors in April 2007, was first filed on August 31, 2009, more than two years after the events complained of by Rodriguez-Perez. Therefore, on the face of the complaint it is evident that this case is time-barred by the two year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims which are "cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), [are] subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (citing 42 Pa. Cons.Stat. Ann. § 5524); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir.1988)." Gordon v. Pugh, 235 F. App'x. 51, 53 (3d Cir. 2007); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).

For statute of limitations purposes a cause of action first accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d

582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). In this case the gravamen of the plaintiff's complaint is that he was assaulted by prison staff on April 5, 2007. As the professed victim of the assault, Rodriguez-Perez would have known of his injury the very moment it allegedly occurred in April 2007. Because Rodriguez-Perez knew of his claimed injury at the time it was inflicted--when he was allegedly assaulted in April 2007--the continuing violations theory and discovery doctrines, which extend the limitations period in some cases, do not apply. See Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead, the statute of limitations would have begun to run in this case in April 2007. In Pennsylvania, the statute of limitations for a personal injury action, which is also employed in civil rights violations, is two years. See 42 Pa.C.S. § 5524.

In this case, then, a straightforward application of the two-year statute of limitations to this case compels dismissal of this action as untimely. The injury about

which the plaintiff complains is an April 2007 assault. To the extent that the plaintiff complains that this alleged assault violated his rights, he knew of this injury at the time it was inflicted, in the spring of 2007. Given the two-year limitations period that applies to federal civil rights actions, the plaintiff's August 2009 federal complaint is time-barred and subject to dismissal.

We recognize that in civil rights cases *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, we provided the plaintiff with an opportunity to amend these pleadings, but to no avail. The current complaint still fails to state a viable civil rights cause of action within the two-year statute of limitations. Since the plaintiff has been afforded the opportunity to correct the deficiencies identified in the original complaint, has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiff has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that the complaint be dismissed without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the plaintiff's complaint be dismissed for the failure to state a claim within the two-year statute of limitations applicable to federal civil rights actions.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of February, 2010.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
