# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFAEL RODRIGUEZ-PEREZ**, | : | CIVIL ACTION NO. 1:09-CV-1688 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MR. CLARK**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 28th day of May, 2010, upon consideration of the report of the magistrate judge (Doc. 30), recommending that the above-captioned civil rights complaint be dismissed as time-barred under the applicable statute of limitations, and, following an independent review of the record, it appearing that plaintiff Rafael Rodriguez-Perez ("Rodriguez-Perez") alleges that he was assaulted while detained in a federal penitentiary in April 2007, (see id. at 7), that he filed the above-captioned complaint on August 31, 2009, (see Doc. 1), and that the limitations period applicable to a claim arising under 42 U.S.C. § 1983 is two years from the date on which the plaintiff knows or reasonably should know that he has incurred the complained-of injury, see PA. CONS. STAT. § 5524(7); O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006); see also Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)), and it further appearing that

Rodriguez-Perez has not filed objections to the magistrate judge's report,[1] and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 30) is ADOPTED.

2. The amended complaint (Doc. 22) is DISMISSED. Leave to amend is denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[1] Both the magistrate judge and the undersigned have, *sua sponte*, repeatedly extended the applicable filing deadlines and advised Rodriguez-Perez of the necessity of meaningfully participating in this litigation. (See, e.g., Docs. 23, 30, 35, 36.) On at least three occasions, the court's orders were returned as undeliverable. Rodriguez-Perez has not updated the court with a current mailing address, and it is not altogether clear where he currently resides.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. The Clerk of Court is instructed to CLOSE this case.

                                                      _S/ Christopher C. Conner_
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge